UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

SHANNON PELMORE

    **Plaintiff,**

v.

CAROLYN W. COLVIN,
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No. 14-2205

## REPORT AND RECOMMENDATION

Plaintiff Shannon Pelmore seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her applications for disability insurance benefits and supplemental security income. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#13)** be **DENIED**, Defendant's Motion for Summary Judgment **(#17)** be **GRANTED**, and that the decision to deny benefits be affirmed.

### I.   Background

On July 29, 2011, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability since December 30, 2008. Plaintiff's claims were denied initially on November 7, 2011, and upon reconsideration on February 7, 2012. Plaintiff, represented by counsel, appeared and testified at a video hearing before an Administrative Law Judge (ALJ), during which the ALJ heard testimony from Plaintiff and Randall Harding, an impartial vocational expert (VE).

On June 7, 2013, the ALJ issued an unfavorable decision. The ALJ found that Plaintiff has the severe impairments of depression/bipolar disorder, history of attention deficit hyperactivity disorder and learning disorder plus a remote history of alcohol abuse. (R. 13.) The ALJ determined that Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 4040.1525, 4040.1526, 416.920(d), 416.925 and 416.926). (R. 13.). Additionally, the ALJ found that Plaintiff has "the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations (the limitations are because of all her mental impairments/symptoms combined): because of exacerbation of mental symptoms she may at times have moderate limitations in (1) concentration, persistence or pace which limits her to jobs that are simple, routine, and repetitive that do not require complex or detailed tasks; and (2) in social functioning which limits her to jobs that do not require interaction at work with the public, or more than occasional (occasional is defined by the DOT) interaction with coworkers and supervisors." (R. 18.)

The ALJ found that Plaintiff is unable to perform any past relevant work as a fast food worker/cashier, hand packager, table busser, childcare worker and sales clerk, but that there are jobs that exist in significant numbers in the national economy which Plaintiff can perform. (R. 19.)

Plaintiff argues that the ALJ erred in failing to give controlling weight to Plaintiff's treating physician's opinion, and that therefore the ALJ's decision is marred by legal error and should be reversed or remanded.

## II.  Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is

disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

### III.   Discussion

As background, Plaintiff's application at issue in this case was filed in July 2011. Plaintiff filed previous disability applications, also based on major depression and bipolar disorder, each of which was denied. Plaintiff's most recent prior application was adjudicated in April 2011. Plaintiff does not make a claim to reopen any of her previous disability applications, and therefore medical records prior to April 2011 will be considered as helpful background, but the Court's disability decision is based on records from April 2011 onward.

Plaintiff argues that the ALJ erred in failing to give controlling weight to the Plaintiff's treating physician's opinion. Plaintiff's treating physician, Dr. Yang, treated Plaintiff's depression and bipolar disorder for more than 10 years. The medical record includes Dr. Yang's notes from numerous visits during those years. Additionally, Dr. Yang provided a medical statement opinion dated December 5, 2011. In this medical source statement, Dr. Yang concluded that Plaintiff was depressed and assessed marked limitations in her ability to perform normal social functioning and to maintain concentration, persistence, or pace. Dr. Yang further found that Plaintiff had marked or extreme limitations in her ability to perform many activities of work.

After reviewing the entirety of Dr. Yang's notes and opinions, the ALJ gave weight to the findings in the treatment notes, but gave no weight to Dr. Yang's medical source statement. Plaintiff argues that the ALJ should have given great weight to this medical source statement instead of relying on the treatment records.

In *Punzio v. Astrue*, 630 F.3d 704, 713 (7th Cir. 2011), the Seventh Circuit considered a case where an ALJ rejected a treating physician's opinion. The Court stated "On the one hand, the treating source likely has spent more time with the

claimant than any other doctor and thus has a better understanding of her condition. On the other hand, the treating source may not be an expert on the claimant's condition and, at worst, may 'bend over backwards to assist a patient in obtaining benefits.'" (quoting *Hofslien v. Barnhart,* 439 F.3d 375, 377 (7th Cir.2006)). The Court then encouraged the ALJs to apply 20 C.F.R. § 404.1527(d)(2) and noted that "[t]he ALJ's examination whether the treating source's opinion is both well supported by medically acceptable diagnostic techniques and consistent with the other evidence in the record will weed out those doctors who are either poorly versed in their patient's condition or unable to opine objectively. And if indeed the treating source's opinion passes muster under § 404.1527(d)(2), then 'there is no basis on which the administrative law judge, who is not a physician, could refuse to accept it.'" *Id*.

Here, the ALJ expressly relied on § 404.1527(d)(2) in reaching her decision to not grant weight to Dr. Young's medical source statement. Instead the ALJ concluded that "more weight is given to his notes contemporaneously completed at the time of his examinations of the claimant and at the time of her appointments with Dr. Yang." (R. 16.) In support of this conclusion, the ALJ cited numerous pages from the medical record, including multiple notes from Dr. Yang from Plaintiff's visits. During 2011 and 2012, the dates relevant to this appeal, Dr. Yang noted that Plaintiff denied being depressed and was doing well, stable, and better from the medication. (R. 500, 524, 528, 529, 530, 533.) Dr. Yang further reported that Plaintiff had good mood and affect, had average intelligence, intact judgment and insight and no cognitive impairments. (R. 530.) None of Dr. Yang's treatment records from 2011 or 2012 reflect concerns with Plaintiff's depression or bipolar disorder.[1]

The ALJ must give controlling weight to a treating source's opinion if it is "well supported by medically acceptable clinical laboratory diagnostic techniques and is not inconsistent with other substantial evidence." 20 C.F.R § 404.1527(d)(2). Here, the ALJ

---

[1] Dr. Yang's treatment notes from earlier years show a history of depression and other mental concerns (see R. 324, 394), but as discussed, the Court will only consider records from April 2011 onward for purposes of this appeal.

relied on substantial evidence from Dr. Yang's own treatment records that directly conflicted with his medical source statement. It is notable that Dr. Yang found Plaintiff's depression to be controlled and not an issue during Plaintiff's office visits in 2011 and 2012. The ALJ's decision to put more weight on Dr. Yang's notes that were recorded during the course of treatment was reasonable and supported by the record.

Plaintiff also argues that the ALJ should have given more weight to the Psychiatric Review Technique assessments done by Dr. Beers and Dr. Mehr. Each physician found that Plaintiff had marked limitations in activities of daily living and maintaining social functioning. (R. 440, 526.) Dr. Mehr also found that Plaintiff had moderate limitations in maintaining concentration, persistence, or pace. (R. 516.) Each of these physicians, however, relied on Plaintiff's reported alcohol and drug abuse, and the impact it had on Plaintiff's successful medication, when reaching his or her conclusion. The ALJ discounted these opinions noting that Plaintiff has not had a substance abuse problem for several years. (R. 16.) At the hearing, Plaintiff herself testified that she was not drinking. (R. 42-43.) The ALJ and Plaintiff's attorney further inquired into whether Plaintiff had problems with alcohol and Plaintiff's attorney stated his impression that Plaintiff had alcohol issues when she was younger, but not recently. (R. 53.) Therefore, the ALJ reasonably discounted Dr. Beers and Mehr's opinions as they relied on an individual who was using alcohol and drugs.

The Court recommends a finding that the ALJ thoroughly considered the medical record at hand and provided substantial evidence supporting her conclusion regarding the medical opinion evidence.

### IV.    Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#13)** be **DENIED**, Defendant's Motion for Summary Judgment **(#17)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28

U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 28th day of October, 2015.

                                              s/DAVID G. BERNTHAL
                                        UNITED STATES MAGISTRATE JUDGE